<u>UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK</u>

COVANEX, INC.,

          Plaintiff,

v.

VIJAY DUVVADA, SRINIVASARAO KASA, and
RESOURCE AMERICA INFORMATION
TECHNOLOGY, INC.
          Defendants.

Case # 14-CV-6050-FPG

DECISION & ORDER

## INTRODUCTION

Plaintiff Covanex, Inc. ("Covanex") originally brought this action on December 31, 2013 in New York State Supreme Court, County of Steuben, asserting a breach of contract claim against former employees Vijay Duvvada ("Duvvada") and Srinivasarao Kasa ("Kasa") and various business torts against Duvvada, Kasa, and competitor Resource America Information Technology, Inc. ("RAIT").

Along with its Verified Complaint ("Complaint") in the state court action, Covanex filed a motion seeking a preliminary injunction and a temporary restraining order. ECF No. 1-6. The Supreme Court signed an Order to Show Cause granting certain temporary injunctive relief and ordering Defendants RAIT, Duvvada and Kasa to appear on February 13, 2014 for a hearing regarding Covanex's motion for a preliminary injunction. ECF No. 1-4. The Order to Show Cause provided that "service of this Order to Show Cause, together with the papers upon which it is made shall be immediately mailed and then served by hand delivery on Jan[uary] 17, 2014" upon each of the three Defendants at specified addresses. *Id.*

Defendants removed the case to this Court on February 3, 2014. ECF No. 1. On February 7, 2014, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. ECF No. 5.

By Decision and Order dated December 8, 2015, the Court denied Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) and granted Covanex limited jurisdictional discovery to potentially cure the defects in its jurisdictional showing. ECF No. 28.

Presently before the Court are Kasa's Motion for Reconsideration (ECF No. 30) and Covanex's Cross-Motion for an Extension of Time to Effect Alternative Service (ECF No. 33). For the reasons stated below, Kasa's Motion is denied and Covanex's Cross-Motion is granted.

## DISCUSSION

### I. Motion for Reconsideration

Rule 60 of the Federal Rules of Civil Procedure governs relief from a court judgment or order, and therefore applies to Kasa's Motion for Reconsideration. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation

omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Here, Kasa argues that the Court should dismiss Covanex's Complaint as against him "for failing to serve process on him pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m)." ECF No. 30-3, at 1. Although the Court's previous decision (ECF No. 28) denied Kasa's Motion to Dismiss under Rule 12(b)(5), Kasa believes reconsideration is warranted because the decision focused on Defendants' argument that Covanex failed to comply with the state court Order to Show Cause and "did not address Kasa's argument that Covanex had failed to serve him at all, either before or after removal." ECF No. 30-3, at 4.

Kasa's characterization of the Court's previous decision is inaccurate. The Court denied Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) for two alternative reasons. First, the Court rejected Defendants' argument that failure to serve Defendants in accordance with the state court's Order to Show Cause would warrant dismissal of the entire case. ECF No. 28, at 4-5. Second, the Court held that Defendants' removal of the case to federal court "automatically negated any argument that dismissal is now warranted on the basis of pre-removal service defects." *Id.* at 5. The Court's second rationale pertained to any argument that Defendants were not adequately served prior to removal; it had nothing to do with the state court's Order to Show Cause. In other words, the Court's second rationale directly responded to and rejected Kasa's argument that Covanex had failed to serve him "at all" prior to removal.

To the extent Kasa is asserting that the Court's previous decision did not address Covanex's failure to serve Kasa *after* removal, that issue was not properly raised in Defendants' Motion to Dismiss. Defendants removed the case to federal court on February 3, 2014. ECF No.

1. Defendants' Motion to Dismiss was filed on February 7, 2014, a mere four days after removal. ECF No. 5. As explained in the Court's previous decision, 28 U.S.C. § 1448 allows plaintiffs to cure service defects once their case is removed from state court to federal court. ECF No. 28, at 5. In other words, Covanex had 120 days from February 3, 2014 to serve Kasa pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1] *Yaman v. D'Angelo*, 206 F. Supp. 2d 394, 401 (W.D.N.Y. 2002); *Weinberg v. Colonial Williamsburg, Inc.*, 215 F. Supp. 633, 635 (E.D.N.Y. 1963); *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 103 (E.D.N.Y. 1999). Because Defendants' Motion to Dismiss was filed only four days after removal, any argument that Covanex failed to properly serve Kasa pursuant to Rule 4(m) was premature.

In sum, Kasa's argument about pre-removal service defects has already been "briefed, considered, and decided," *Schonberger*, 742 F. Supp. at 119, and any argument pertaining to post-removal service defects was not properly raised in Defendants' Motion to Dismiss. Kasa's Motion for Reconsideration is therefore denied.

### II. Cross-Motion for Extension of Time to Effect Alternative Service

Covanex writes in its Cross-Motion for Extension of Time to Effect Alternate Service that "to the extent this Court denies Kasa's motion to reconsider, this cross-motion is moot." ECF No. 33-5, at 6. But the Court's denial of Kasa's Motion for Reconsideration is not equivalent to a decision that Kasa has been properly served. The Court's previous decision rejected Defendants' arguments that dismissal was warranted on the basis of pre-removal service defects, but did not hold that Kasa had been properly served. ECF No. 28. As explained above,

---

[1] Effective December 1, 2015, Rule 4(m) was amended to require service of process within 90 days instead of 120 days.

4

the issue of whether Covanex failed to serve Kasa after removal has never been properly presented to the Court. The Court will therefore address the merits of Covanex's Cross-Motion.[2]

### A. Extension of Time

Rule 4(m) provides that if a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Determining whether a plaintiff has established "good cause" involves the consideration of two factors: (1) the reasonableness and diligence of plaintiff's efforts to serve, and (2) prejudice to the moving defendant caused by delay. *Jordan v. Forfeiture Support Associates*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013). In the absence of good cause, district courts have discretion to either grant an extension of time or dismiss the complaint without prejudice. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Relevant factors in determining whether to grant an extension of time include (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for an extension. *Cordell v. Unisys Corp.*, 299 F.R.D. 411, 412-13 (W.D.N.Y. 2014) (citing *Lumbermens Mut. Cas. Co. v. Dinow*, No. CV 06-3881, 2009 WL 2424198, at *4 (E.D.N.Y. Aug. 6, 2009)).

Here, on January 24, 2014, a process server attempted to personally serve Kasa at his place of business. ECF No. 14-1, Ex. E. However, the process server was unsuccessful in serving Kasa and noted as follows: "large building asked around no person knew def[endant]."

---

[2] The Court notes that in this context, unlike in Defendants' Motion to Dismiss or Kasa's Motion for Reconsideration, Kasa's arguments regarding post-removal service defects *are* ripe for consideration.

*Id.* On January 30, 2014, Covanex mailed the Summons, Complaint, and all other relevant documents to Kasa at Kasa's address in Houston, Texas. ECF No. 9. On February 3, 2014, Kasa and the other two defendants joined in the removal of this case to federal court. ECF No. 1. All three Defendants are represented by the same attorney, who filed a notice of appearance on behalf of all Defendants. *See* ECF Nos. 3, 4. The Notice of Removal filed by Kasa's attorney includes a copy of the Summons, Complaint, and all other relevant documents. ECF No. 1. On February 18, 2014, after Defendants filed their motion to dismiss, Covanex again unsuccessfully attempted to personally serve Kasa. ECF No. 14-1, Ex. F. This time, the process server stated as follows: "Server has made several attempt[s] to serve Mr. Kasa. Gated community no access through security gate. Spoke with property management they will not release any information confirming Mr. Kasa resides." *Id.* On March 20, 2014, Kasa sent an email to Covanex complaining that he had not received his last paycheck. ECF No. 33-2, Ex. A. Covanex sent the paycheck to Kasa at Kasa's address in Houston. ECF No. 33-3, Ex. B. However, Kasa refused delivery. *Id.*

Given these facts, the Court finds that good cause exists to grant Covanex an extension of time to serve Kasa. Covanex has made multiple attempts to personally serve Kasa, both at his home and at his place of business. Both attempts were made well before the Rule 4(m) deadline, and both were unsuccessful due to circumstances beyond Covanex's control. Kasa argues that Covanex "ceased" trying to serve him in February 2014 and waited two years before requesting an extension of time.[3] ECF No. 34. However, given that Defendants' motion to dismiss under Rule 12(b)(5) was pending, the Court cannot say that waiting for a decision on that issue was unreasonable. When Defendants' Motion was denied and Kasa filed a Motion for

---

[3] Kasa also argues that Covanex's attempt to serve Kasa by mail evinces a lack of diligence on Covanex's part. ECF No. 34. However, Kasa neglects to mention that the state court Order to Show Cause explicitly required Covanex to mail a copy of all relevant documents to each Defendant. ECF No. 1-4. More broadly, the fact that Covanex mailed documents to Kasa does not somehow cancel out its attempts at personal service.

Reconsideration, Covanex promptly moved for an extension of time. Kasa does not argue that he has been prejudiced in any way by Covanex's failure to personally serve him. *Jackson v. Mastrantonio*, No. 08-CV-115S, 2009 WL 899430, at *3 (W.D.N.Y. Mar. 20, 2009) (granting plaintiff's motion for an extension of time to serve and noting that "courts generally find no prejudice when the defendant fails to indicate that it would suffer any"). Kasa also does not argue that he failed to receive the documents sent by Covanex on January 30, 2014. Indeed, Kasa could not plausibly argue that he has not been on actual notice of this case since February 5, 2014, the date he signed a declaration under penalty of perjury that was ultimately filed along with Defendants' Motion to Dismiss. *See* ECF No. 5-2. Even if good cause did not exist, the fact that Kasa has been on notice of this case since at least February 5, 2014 and has not suffered any prejudice at all from Covanex's failure to personally serve him would lead this Court to exercise its discretion and grant Covanex an extension of time.

### B. Substitute Service

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, CPLR § 308 governs personal service upon a natural person. N.Y. C.P.L.R. § 308. CPLR § 308 allows service upon a natural person by: (1) delivering the summons to that person; (2) delivering the summons to a person of suitable age and discretion at the place of business, dwelling place or usual place of abode of the person to be served; (3) delivering the summons to the agent for service of the person to be served; or (4) affixing the summons to the door of the person to be served and also mailing the summons to that person (also known as "nail and mail" service). *Id.* In addition, CPLR § 308(5) provides that service may be made "in such a manner as the court, upon motion without notice,

directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308(5).

Here, plaintiff has sufficiently shown that service under paragraphs one, two and four of § 308 would be impracticable. Covanex has twice attempted to personally serve Kasa, both at his home and at his place of business. Both times, the process server was not able to personally serve Kasa under § 308(1), deliver the summons to a person of suitable age or discretion under § 308(2), or affix the summons to Kasa's door for purposes of § 308(4). *See* ECF No. 14-1, Exhibits E and F. The fact that Kasa refused delivery of a paycheck that he himself requested from Covanex is further indication that serving Kasa under CPLR §§ 308(1), (2), and (4) would be impracticable.

Because Covanex has shown that good cause exists to extend the time to serve Kasa and that service under CPLR §§ 308(1), (2), and (4) would be impracticable, Covanex's Cross-Motion for an Extension of Time to Effect Alternate Service is granted. Covanex is directed to effect service on Kasa by sending a copy of the Complaint to Kasa's counsel by certified mail, return receipt requested, within 15 days of this decision. Kasa's time to respond to the Complaint shall begin upon his counsel's receipt of the Complaint.[4]

## CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration (ECF No. 30) is DENIED. Covanex's Cross-Motion for an Extension of Time to Effect Alternative Service (ECF No. 33) is GRANTED. Covanex is directed to effect service on Kasa by sending a copy of the Complaint to Kasa's counsel by certified mail, return receipt requested, within 15 days of this

---

[4] The Court previously granted Kasa and Duvvada an extension until February 22, 2016 to respond to the Complaint. ECF No. 29. Kasa's time for serving a responsive pleading is now governed by Fed. R. Civ. P. 12(a).

decision. Kasa's time to respond to the Complaint shall begin upon his counsel's receipt of the Complaint.

IT IS SO ORDERED.

Dated: 2/4/16
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court